```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
             :
AYODEJI AFOLABI,          :
             :
           Plaintiff,  :     1:20-cv-3042-GHW
             :
      -against-           :
             :     <u>ORDER</u>
WERNER ENTERPRISES, INC. and  :
EMMANUEL VINCENT,      :
             :
           Defendants.  :
             :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On April 15, 2020, Defendants removed this case from the Supreme Court of the State of New York. Dkt. No. 1. On April 20, 2020, the Court issued an order directing the parties to show cause no later than April 27, 2020 why this case should not be transferred to the Eastern District of New York. ECF No. 5. The parties did not respond.

The statute setting forth the criteria and procedures for removal of state court suits to federal district courts states that a case should be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Likewise, 28 U.S.C. § 1446(a) states that the notice of removal shall be filed "in the district court of the United States for the district and division within which such action is pending . . . ." As explained in the order to show cause, Dkt. No. 5, Plaintiff commenced this action in the County of Queens, which is located in the Eastern District of New York. *See* 28 U.S.C. §112(c) ("[t]he Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk .…"). Therefore, the proper venue for removal is not this court, but rather the United States District Court for the Eastern District of New York.

Accordingly, this case is transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also St. Paul Fire v. Architron*, 2007 WL 757910, at *1 (E.D.N.Y. Mar. 8, 2007) (transferring to the Southern District of New York a case that had been improperly removed to the Eastern District because "removal of an action to an improper district is not a jurisdictional defect, but is akin to an improper venue situation. An improper designation of venue may be remedied by transferring the action to the proper district.") (internal citations and quotation marks omitted); *Ullah v. Fed. Deposit Ins. Corp.*, 852 F. Supp. 218, 221 (S.D.N.Y. 1994) (prohibiting removal of a suit brought in state court in Queens County to the District Court for the Southern District of New York and transferring the case to the Eastern District of New York because dismissal "would bring about additional delay and expense while serving no useful purpose").

The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of New York forthwith. The seven-day waiting period in Local Civil Rule 83.1 is waived.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:  April 28, 2020

_____
GREGORY H. WOODS
United States District Judge

2